UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW JONES,          :
        Plaintiff,      :
                        :          No. 3:18-CV-01325 (VLB)
    v.                  :
                        :
YALE UNIVERSITY,        :          August 31, 2018
        Defendant.      :
                        :
                        :
                        :
                        :

RULING AND ORDER

Before the Court is the Plaintiff's motion to proceed *in forma pauperis*. [Dkt. No. 2]. This action was commenced on August 9, 2018, by Plaintiff Matthew Jones ("Plaintiff" or "Jones") proceeding *pro se*. Plaintiff seeks money damages in the amount of two billion dollars against Defendant Yale University ("Defendant" or "Yale") for various "claims" related to medical treatment. [Dkt. No. 1].

I.      Background

The record reflects Plaintiff is an unemployed single male with no income, fixed expenses of $445.00 per month and total assets of $228.00 in a bank account.

His Complaint names Yale University as the sole defendant and alleges that Yale assaulted him during an involuntary hospital stay at Yale New Haven Hospital, deprived him of his right to trial, involuntarily medicated him, and wrongly diagnosed him with schizophrenia.[1]  Plaintiff also asserts Yale violated his First, Second, Eighth and Thirteenth Amendments rights.

---

[1] Plaintiff fails to allege any facts surrounding these allegations except that they occurred in 2010. Even if Plaintiff's claim can be liberally construed as a claim for medical malpractice, it is likely

The Complaint does not name any individual actor or specify when and by whom the challenged actions were done.  In response to the direction to state briefly the facts that support his case and to describe how each defendant was personally involved in the alleged wrongful acts, Plaintiff curiously writes, "The first law of medicine is to do no harm. There is no statute of limitations on capital offenses. (Section 3281 of Title 18)."  [Dkt. No. 1 at 3].  The Complaint precedes to list various legal principles and references various criminal statutes without asserting any particular claim. Although the case is brought against a private entity, the Complaint also references government officers or agencies and references civil commitments.

The Complaint refers to events which occurred in 2010. Specifically, in response to direction to state the date of occurrence Plaintiff writes "2010, but there is a history of repeated offenses." *Id*. at 2. Nowhere in the Complaint is there reference to any occurrence after 2010.

The Complaint also alleges the events complained of were the subject of a prior lawsuit.  It states, "[w]hen I sued Yale in 2017, with a collection of other Defendants, the case was Dismissed citing 'Immunity for government employees.' No mention of Yale was included in the Dismissal by the District or Circuit Court. If Yale's case was dismissed erroneously, I present it again here."  *Id*. at 3.  These allegations suggest Yale was a named defendant in another action which was dismissed.

---

barred by the statute of limitations. The statute of limitations for medical malpractice in Connecticut, two years from the date the injury is first sustained or discovered, has long passed. *See* CONN. GEN. STAT. ANN. § 52-584.

## II.     Legal Standards

This Court may authorize the commencement and prosecution of this civil action without prepayment of fees or security if the Plaintiff submits an affidavit that includes a statement of all the Plaintiff's assets establishing that he is unable to pay such fees or give security therefor and that the affiant believes he is entitled to redress.  28 U.S.C. §1915(a)(1).  Granting or refusing of permission to proceed *in forma pauperis* is matter committed to sound discretion of district court.  *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965), *cert. denied,* 382 U.S. 896 (1965); *U.S. v. Jeff-Lewis Sav. & Loan Ass'n*, 530 F.Supp. 623, 628 (N.D.N.Y. 1982). If *informa pauperis* status is granted, the litigant will be permitted to pay the filing fee over time.  28 U.S.C. §1915(b). A litigant may not appeal a denial of *in forma pauperis* status unless the trial court certifies in writing that an appeal could be taken in good faith.  28 U.S.C. §1915(a)(3).  In summary, before granting *in forma pauperis* status the trial court must find that the movant is indigent and that his case appears to be meritorious. If the court is unable to make either or both findings, the court must deny the motion for *in forma pauperis* status.   Denial prevents unduly burdening the court with purposeless litigation and the litigant with fruitless expense.  The Court finds that Plaintiff has made a *prima facie* case of indigence and turns to the merits of the Complaint.

In determining whether a case has merit, the Court first reviews the sufficiency of the complaint.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations

are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Rule 8 of the Federal Rules of Civil Procedure essentially requires that each claim be set forth in separate counts.  Each legal theory must be set out in a separate count and each count must contain a clear and concise statement of the facts which form the basis of the claim and entitle the plaintiff to the relief sought. Each fact should be set forth in a separate numbered paragraph and each claim against each defendant must be set forth in a separate count.  *Shuster v. Oppleman,* No. 96 CIV. 1689 (JGK), 1999 WL 9845, at *4 (S.D.N.Y. Jan. 11, 1999) (dismissing *pro se* complaint without prejudice and requiring plaintiff to organize his claims into separate counts). Each count must specify facts, set forth in separate numbered paragraphs, satisfying each of the elements of the claim. This standard is not a mere formality.  The objective of the rule is to give defendants fair notice of the nature of the claims asserted against them and the facts supporting such claims.  The objective cannot be achieved without adhering to this standard.

"*Pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Courts have the authority to dismiss an unmeritorious complaint *sua sponte*. *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaint *sua sponte* even when plaintiff has paid required filing fee); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that an *in forma pauperis* complaint is frivolous where it lacks arguable basis either in law or in fact; term "frivolous" in statute authorizing *sua sponte* dismissal of frivolous *in forma pauperis* complaints embraces not only inarguable legal conclusion but also fanciful factual allegation). However, the Court should exercise restraint, and err on the side of resolving cases on the merits where possible.  *See Fitzgerald*, 221 F.3d at 364.

III.    Analysis

As explained in detail below, the Complaint does not comply with the applicable pleading standard.  *See* Fed. R. Civ. P. 8.  Plaintiff's claims are prolix, factually unsupported, factually unattributed, and are apparently barred by the statutes of limitations and repose and *res judicata*.

### A.   The Complaint Fails To State A Claim Upon Which Relief Can Be Granted

The Court cannot decipher even basic information such as the duration of Plaintiff's hospital stay, the reason for his stay, and the individuals involved in his treatment.   Moreover, Plaintiff's criminal claims are unsustainable because a private citizen cannot bring criminal claims in a civil action.   *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in prosecution or nonprosecution of another."). Similarly, Plaintiff's constitutional claims are unsustainable because a private citizen cannot bring a constitutional claim against a private party without establishing that the private party's conduct constituted state action. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

### B.   The Claims are Barred By *Res Judicata*

In addition to the deficiencies described above, Plaintiff's Complaint raises issues of *res judicata* because it refers to a prior lawsuit filed against Defendant in 2017. Plaintiff states his desire to reassert his claims from the 2017 action and possibly offer new evidence. The Court assumes that Plaintiff refers to *Jones v. State of Connecticut Superior Court et. al,* No. 3:17-cv-599 (D. Conn.) in which Plaintiff made similar allegations relating to alleged involuntary treatment and misdiagnosis of his mental condition.  The Court dismissed with prejudice criminal

and constitutional law claims against Defendant that are similar to those raised in the instant action. *See* Ruling and Order, *Jones v. State of Conn. Super. Ct. et al*, No. 3:17-cv-599 (D. Conn. May 25, 2017), Dkt. No. 7.  The Court liberally construed Plaintiff's Complaint to contain allegations potentially relating to medical malpractice or negligence, but it ultimately dismissed these claims without prejudice for failure to state a claim.  *Id*. The Court specifically explained that Plaintiff "must allege facts showing who violated any duties owed to him and what they did to violate such duties." *Id*.  In response to the Court's order, Plaintiff filed a motion to reopen and attached a proposed amended complaint.  Mot. to Reopen Cases, *Jones*, No. 3:17-cv-599 (D. Conn. May 25, 2017), Dkt. No. 13. The Court denied Plaintiff's motion to reopen and again explained the basis of the dismissal of Plaintiff's claims.  Order, *Jones*, No. 3:17-cv-599 (D. Conn. May 25, 2017), Dkt. No. 17.  Plaintiff appealed and the Second Circuit affirmed.  *See Jones v. Conn. Super. Ct.*, 722 Fed. App'x 109 (2d Cir. 2018).

C. <u>The Claims Are Time-Barred By The Applicable Statues Of Limitations and Repose</u>

Finally, under Connecticut law:

No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.

CONN. GEN. STAT. § 52-584.  Alternatively, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." CONN. GEN. STAT. § 52-577. Regardless of the nature of the claims intended, Plaintiff's claims are time-barred because they emanate from events which occurred in 2010 more than seven years prior to commencing this action.

IV.    Conclusion

The case is DISMISSED for failure to state a claim, *res judicata* and because it was filed after the applicable statute of limitations and repose.  The Clerk is directed to close the case.  This dismissal is without prejudice in deference to the Plaintiff's *pro se* status.  The Court grants Plaintiff liberty to file a motion to reopen together with a Second Amended Complaint within 21 days of the date of this order in adherence with Rule 8 of the Federal Rules of Civil Procedure.  As the Court has explained the proper pleading standard to Plaintiff several times, *the dismissal will be with prejudice* if the Plaintiff fails to file a motion to reopen together with a Second Amended Complaint which complies with Rule 8 within 21 days.

The Court further finds that an appeal of this dismissal would not be taken in good faith and thus denies a certificate of appealability.

IT IS SO ORDERED, at Hartford, Connecticut this 31st day of August, 2018.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 31, 2018